IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VINCENT W. JENSEN,

                      Petitioner,                         OPINION and ORDER

    v.

                                                        16-cv-809-wmc

STATE OF WISCONSIN,

                      Respondent.

Petitioner Vincent W. Jensen has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges judgments of conviction for second-degree sexual assault, entered on September 26, 2014, by the Circuit Court for Chippewa County in Case Nos. 2014CF369 and 2014CF391. This case is now before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

Jensen asserts no grounds for relief in his petition and has not attached any brief or other document that provides any indication of the claims he may be attempting to bring. Normally, the court would give petitioner a chance to clarify the basis of his claims for relief before dismissing a petition. Here, however, the state's publically available electronic records make clear that Jensen's petition is premature. Specifically, Jensen filed a direct appeal of his sexual assault convictions that is still pending in the Wisconsin Court of Appeals. *See State v. Jensen*, 2016AP771, 2016AP772 (filed on Apr. 15, 2016).

A petitioner seeking relief in a state habeas petition must first exhaust any remedies he has available in the state courts, including any appeals. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To exhaust his state remedies, petitioner must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1). Here, Jensen's first round of state-court review has not yet been completed because he has not received a final ruling from the court of appeals or the Wisconsin Supreme Court. In other words, Jensen has not yet exhausted his state court remedies. Because he has failed to exhaust his state remedies, his petition is premature and will be dismissed without prejudice.[1]

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

---

[1] Because the petition is being dismissed as premature, petitioner may refile after he has exhausted his state court remedies and his petition will not be a second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that petitioner has not yet exhausted his state remedies. Therefore, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that

1. The petition for a writ of habeas corpus filed by Vincent W. Jensen, is DISMISSED without prejudice for his failure to exhaust his state court remedies. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 31st day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge